United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30657
Summary Calendar

_____

DONALD IRVIN,

Plaintiff-Appellant,

versus

UNITED STATES MILITARY SEALIFT COMMAND;
AMERICAN OVERSEAS MARINE CORPORATION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-2634-C
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Donald Irvin appeals the summary judgment dismissal of

his Longshore and Harbor Worker's Compensation Act (LHWCA) and

Public Vessels Act (PVA) claims. Affording his arguments de novo

review, we affirm. E.g., Skotak v. Tenneco Resins, Inc.,

953 F.2d 909, 912 (5th Cir. 1992).

We reject Irvin's contention that summary judgment was

improper because genuine issues of material fact exist regarding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

whether the grease was an "open and obvious" hazard and, therefore, whether the United States Military Sealift Command ("United States") breached its "turnover duty." In general, the defendant has not breached its turnover duty if the injury-causing defect was "open and obvious and one that the longshoreman should have seen." See Pimental v. LTD Canadian Pac. Bulk, 965 F.2d 13, 16 (5th Cir. 1992). It is indisputable from Irvin's own testimony that the grease was distinguishable from the hatch cover/ledge, despite the fact that both were varying shades of grey. Moreover, although Irvin testified that he did not see any grease on the hatch cover or ledge, he also conceded that when he stepped onto the ledge, he was not looking where he was going. Consequently, he has not shown that a genuine issue of material fact exists regarding whether the defect was "open and obvious."

Irvin's argument that the United States breached its "active control duty" fails to assign error to the district court's determination that even if the requisite area was under the requisite control of the vessel owner, as a matter of law the vessel owner did not breach its active control duty because it exercised due care by providing Irvin with a safe, alternate path via the portable steps. He therefore waived its review. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, the United States had no duty to intervene. See Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156,

175-76 (1981). Even if it is assumed <u>arguendo</u> that the vessel's crew had actual knowledge that grease was emanating from the vessel's crane, Handlin Marine, Inc.'s, employees had routinely removed the grease themselves without incident; consequently, it cannot be said that the vessel owner had actual knowledge that the defect posed an unreasonable risk of harm or that it could not rely on Handlin Marine's employees to remedy the defect. <u>See Greenwood v. Societe Francaise De</u>, 111 F.3d 1239, 1248 (5th Cir. 1997).

AFFIRMED.